United States Court of Appeals

Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10427
Summary Calendar

HELEN LIRLEY,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-602-A
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Helen Lirley appeals the affirmance of the Commissioner's denial of her application for disability insurance benefits. See 42 U.S.C. § 405. Lirley argues that the district court exceeded its authority because it made its own fact finding that substantial evidence supported the determination of the Administrative Law Judge (ALJ) that jobs that Lirley could perform existed in significant numbers in the national economy. A common-sense reading of the ALJ's findings, however, is that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the ALJ determined that a significant number of inspector jobs, as well as a significant number of surveillance system monitor jobs, exist in the national economy.

Lirley also argues that the Commissioner failed to meet her burden of proof because evidence that a cumulative number of jobs exist in the national economy establishes neither the number of jobs existing in the claimant's region nor the number of geographic locations where the jobs exist. Under 42 U.S.C. § 423(d)(2)(A) and 20 C.F.R. § 404.1566, work exists in significant numbers in the national economy if it exists in significant numbers in either the region where the claimant lives or in other regions of the country. In light of the vocational expert's testimony that Lirley could perform the job of surveillance system monitor and that 50,000 such jobs exist in the national economy, substantial evidence supports the Commissioner's finding that Lirley is not entitled to Social Security disability benefits. See Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

AFFIRMED.